### CITY OF NEW YORK v. DEXTER.

(Supreme Court, Appellate Term. May 15, 1908.)

CONTRACTS—BREACH—WAIVER OF RIGHT TO FORFEIT.

Where a party not only originally accepted a gangway to a point in the river at which the water was sufficiently deep to float a bathhouse to be maintained by him, and piles driven in the river to anchor the bathhouse, but, assuming that he did so in ignorance of the alleged defective condition of one of the piles, he subsequently, and after knowledge thereof, continued to use the gangway and the piles until the end of the season, notwithstanding he was under no obligation to remain, there was a waiver of the alleged defective performance, barring any right to forfeit the contract, and he was only entitled to damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1467–1479.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the city of New York against Marshall C. Dexter. Judgment for defendant on plaintiff's cause of action and on a counterclaim interposed by defendant, and plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

George B. Boyd (John S. C. Bailey, of counsel), for respondent.

GREENBAUM, J.  The plaintiff agreed to construct a gangway from the street pavement at the foot of Little West Twelfth, North river, in the city of New York, to a point in the North river where the water was sufficiently deep to float a bathhouse to be maintained by the defendant, and also to drive piles at that point, to which the said bathhouse could be anchored, for an estimated sum of $300, the cost of the labor and materials to be employed in the work of construction aforesaid.  The actual cost was $370.47, and there appears to be no dispute as to its reasonableness.  In an action brought by the city of New York to recover this sum, the defendant alleged that the work was done in an unskillful and negligent manner, and further counterclaimed for damages sustained by reason of said unskillful and negligent way in which the work was performed.

The alleged negligent act of the plaintiff consisted in using an insufficient number of piles, and among them a defective one, as a result of which, during a terrific storm, accompanied by rain, thunder and lightning, and a gale of unusual velocity, on July 2, 1903, about three weeks after the completion of the work and the attachment of the bathhouse to the piles, a cluster of three piles at the southwest corner of the bath broke, among them being the alleged defective pile; the effect of the breakage being to sway the bathhouse around on the chain or rope by which it was tied to the southeast cluster of piles, which remained intact.  After the storm abated the bathhouse was restored to its original position and was tied to its new anchorage by the defendant at an expense, as found by the court in allowing his counterclaim, of $100.  The gangway was not injured nor disturbed, and the defendant continued business with his bathhouse until September 9, 1903, the close of the season, and regularly paid his agreed rental of $2 per day to the plaintiff.  It may be added that the permission or license to moor the bathhouse, upon the agreement to pay the cost of the work above mentioned and the daily rental of $2, was revocable at the pleasure of the commissioner of docks of the city of New York.

A second counterclaim was also interposed by defendant for damages alleged to have been sustained by acts of the plaintiff which resulted in befouling the water of defendant's bathhouse.  It seems unnecessary to consider this counterclaim, as it was disallowed by the trial justice, who gave judgment against the plaintiff on its claim and allowed damages on the first counterclaim.  The apparently uncontradicted testimony shows that the work was done in accordance with a diagram or sketch furnished the dock department by the defendant, and that it was understood that old piles were to be used, so as to cheapen the cost to defendant.  It seems unnecessary for the purposes of this appeal to advert to many other features of this case, in view of our opinion on the undisputed facts.

Defective performance may "be accepted, subject to the right of the party damnified to recover or recoup damages for the loss he has

sustained by reason of it. In such case the right of forfeiture is denied the party, his right exists in the contract, and his remedy for relief rests in his assertion and proof of damages for the defective performance by the other party, whose right, subject to such claim, remains effectual." Parke v. Franco-American Trading Co., 120 N. Y. 51, 56, 23 N. E. 996, citing Avery v. Willson, 81 N. Y. 341, 37 Am. Rep. 503. Not only had defendant originally accepted the work, but, assuming that he did so in ignorance of the alleged condition of one of the piles, he subsequently, and after knowledge of the defect, continued to use the gangway and the construction until the end of the season, notwithstanding he was under no obligation to remain.

It seems to us that there was a waiver of the alleged defective performance of the contract by plaintiff, and that justice will be done the defendant by allowing the damages found by the trial court to have been sustained by him. As we are of opinion, from the facts disclosed, that no useful purpose will be served by a new trial, we have concluded to modify the judgment, by granting judgment in favor of the plaintiff for the sum of $270.47, being the difference between the contract price of the work performed by the plaintiff, less the sum of $100, the damages found to have been suffered by the defendant.

As thus modified, the judgment will be affirmed, without costs in this court. All concur.